FILED
2025 Jun-09 PM 03:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JOHN W. LYNN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. ________________** |
| | ) | |
| **THE LINCOLN NATIONAL** | ) | |
| **LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **LINCOLN LIFE ASSURANCE** | ) | |
| **COMPANY OF BOSTON** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW the Plaintiff, John W. Lynn ("Lynn"), by and through undersigned counsel, and files this Complaint against The Lincoln National Life Insurance Company and Lincoln Life Assurance Company of Boston ("Lincoln") pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., for denial of long-term disability ("LTD") benefits owed under an ERISA-governed group disability plan.

**PARTIES**

1. Plaintiff, John Lynn ("Lynn"), is a participant in an ERISA-governed welfare benefit plan sponsored by his former employer, Clayton Homes, Inc. This plan included group long-term disability coverage, identified as GF3-850-291250-01, Claim No.: 10295792. Lynn is resident of Alabama and has been improperly denied long-term disability benefits under this plan.

2. Defendant, The Lincoln National Life Insurance Company ("Lincoln"), is upon information and belief, the successor to Lincoln Life Assurance Company of Boston. Upon information and belief, Lincoln Life Assurance Company of Boston was the insurer and Claims Administrator for the policy issued to Clayton Homes, Inc. Lincoln is a foreign corporation conducting business nationwide, including with the State of Alabama and this judicial district, with its principal place of business, 1301 S. Harrison Street Fort Wayne, IN 46802.

3. Upon information and belief, Lincoln Life Assurance Company of Boston merged with The Lincoln National Life Insurance Company. Lincoln Life Assurance Company of Boston was the insurer and Claims Administrator for the policy issued to Clayton Homes, Inc. Lincoln Life Assurance Company of Boston's successor, The Lincoln National Life Insurance Company, is a foreign corporation conducting business nationwide, including with the State of Alabama and this

judicial district, with its principal place of business, 1301 S. Harrison Street Fort Wayne, IN 46802.

## JURISDICTION AND VENUE

4. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Plaintiff asserts claims for long-term disability benefits, waiver of premium benefits, enforcement of ERISA rights, and statutory violations under 29 U.S.C. § 1132. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(a), (e)(1), and (f), as well as 28 U.S.C. § 1331, without regard to the amount in controversy or the citizenship of the parties. Venue is proper in this judicial district under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. Plaintiff was employed with Clayton Homes from June 13, 1991 until he became disabled on or about February 22, 2020, following an elbow injury and subsequent complications.

6. Mr. Lynn underwent surgical repair of his right triceps tendon in February 2020. His recovery was complicated by a bone infection, requiring a second surgery and IV antibiotic therapy.

7. In May 2020, Plaintiff suffered a separate, catastrophic injury when he accidentally shot himself in the right thigh, resulting in a femur fracture and further surgeries.

8. As a result of these combined orthopedic injuries and complications, Mr. Lynn has continued to experience chronic pain, mobility limitations, and functional deficits that preclude him from performing even sedentary work on a consistent basis.

9. Plaintiff was approved for LTD benefits under Lincoln's group disability plan, and benefits were paid from August 22, 2020 through August 21, 2022, the expiration of the "own occupation" period.

10. On or about August 22, 2022, Lincoln terminated Mr. Lynn's LTD benefits, asserting that he was not disabled from "any occupation," despite medical records and treating physician support indicating otherwise.

11. Plaintiff timely appealed the denial, submitting updated records from Dr. Batchelor, his treating physician, who explicitly stated that Plaintiff remained unable to work due to pain, functional limitations, chronic pain and sleep disturbance.

12. Lincoln's final denial, issued on or about November 4, 2022, upheld the termination and relied on internal peer reviews and a Transferable Skills Analysis (TSA) conducted without direct contact or examination of Mr. Lynn.

13. Lincoln did not obtain an Independent Medical Examination (IME) or Functional Capacity Evaluation (FCE) and disregarded the treating physician's final opinion submitted during the appeal.

14. Lincoln terminated Mr. Lynn's benefits without substantial justification, ignored clear medical evidence of disability and failed to conduct any meaningful evaluation of his limitations.

15. As of this date, Mr. Lynn has been denied benefits rightfully owed to him under the plan. Defendants' decision to deny LTD benefits under the plan was grossly wrong, without basis and contrary to the evidence.

16. Mr. Lynn met and continues to meet the plan definitions of "disabled".

17. Upon information and belief, the policy does not grant discretionary authority to determine eligibility for benefits to any other entity who may have adjudicated Mr. Lynn's claim. Therefore, the Court should review the Plaintiff's claim for benefits under a *de novo* standard. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). In the alternative, the denial of Plaintiff's benefits constitutes an abuse of discretion.

18. Upon information and belief, Defendant Lynn was required to both evaluate and pay claims under the policy at issue, creating an inherent conflict of interest.

19. Mr. Lynn has exhausted any applicable administrative review procedures, and Defendants' refusal to pay benefits is both erroneous and unreasonable and has caused tremendous financial hardship on Plaintiff.

## CAUSES OF ACTION

### ERISA (Claim for Benefits Owed under Plan)

20. Plaintiff realleges paragraphs 1 through 19 as if fully set forth herein.

21. Plaintiff is disabled under the terms of the LTD policy and is entitled to continued benefits beyond August 21, 2022.

22. Lincoln's denial of benefits was arbitrary, capricious, and contrary to the medical and vocational evidence in the claim file.

23. Defendants failed to conduct a full and fair review, in violation of 29 U.S.C. § 1133 and related regulations.

24. As more fully described above, the denial, termination, and refusal to provide or pay Mr. Lynn benefits under the Plan for the period of at least on or about August 21, 2022 through the present constitutes a breach of Defendants' obligations under the plan and ERISA. The decision to deny benefits to Mr. Lynn was not reasonable and it was not based on substantial evidence.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court to enter judgment for Plaintiff and otherwise enter an Order providing that:

1. The applicable standard of review in this case is *de novo*;

2. That the Court may take and review the records of Defendants and any other evidence that it deems necessary to conduct an adequate *de novo* review;

3. From at least February 2020 through the present, Mr. Lynn met the Plan's definitions of disabled;

4. Defendants shall pay Mr. Lynn all unpaid benefits due for the period from at least August 2022 through the present in accordance with the policy;

5. Defendants shall pay Plaintiff compounding prejudgment interest on all contractual benefits that have accrued prior to the date of judgment in accordance with 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3);

6. Defendants shall pay attorney's fees for Plaintiff's counsel pursuant to 29 U.S.C. § 1132(g);

7. Plaintiff be awarded any and all other contractual and/or equitable relief to which he may be entitled, as well as the costs of suit.

Respectfully Submitted,

/s/ *Amanda Stansberry*
Amanda Stansberry (ASB-7793-M64S)

COX, STANSBERRY & KINSLEY, LLC
3535 Grandview Parkway
Suite 310
Birmingham, Alabama 35243
Phone: 205-870-1205
Fax: 205-870-1252
astansberry@cskattorneys.com

**PLEASE SERVE DEFENDANTSBY CERTIFIED MAIL AT:**

Lincoln National Life Insurance Company
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

AND

Lincoln Life Assurance Company of Boston
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104