**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| JOHN W. LYNN,<br><br>Plaintiff,<br><br>vs.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>AND<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON<br><br>Defendants. | ) | Case No. 2:25-cv-00891-MHH |

# JOINT REPORT REGARDING ERISA CASE

Pursuant to the Court's Order dated June 25, 2025 (Document 3), Plaintiff John W. Lynn and Defendants The Lincoln National Life Insurance Company and Lincoln Life Assurance Company of Boston (collectively "Lincoln")[1] submit the following joint report:

**(1) Please file the administrative record including the plan document and the summary plan description. If a party challenges the accuracy or**

[1] The correct name of the Defendant in this action is The Lincoln National Life Insurance Company. The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston, and Lincoln Life Assurance Company of Boston was the issuer of the relevant disability insurance policy. However, Lincoln Life Assurance Company of Boston has now merged with, and is now known as, The Lincoln National Life Insurance Company. Accordingly, "The Lincoln National Life Insurance Company" is the correct Defendant in this action.

**completeness of the current administrative record, what is the basis for the challenge?**

> The parties are in agreement about the accuracy and completeness of the administrative record as it presently exists and are filing a copy with the Court contemporaneously with the submission of this Report.

**(2) If the Court finds liability under ERISA, do the parties agree on the amount due, taking into consideration offsets? If so, state the amount. If not, each party shall explain the amount it proposes.**

> The gross monthly benefit under the relevant policy that is in dispute in this action is $1,733.34 (50% of the $3,466.67 monthly salary). Additionally, the monthly disability benefits of $1,561.00 awarded by the Social Security Administration constitute an offset to benefits under the terms of the Policy, which results in a net monthly benefit of $172,34. Plaintiff's benefits were terminated on August 21, 2022. As of August 21, 2025, thirty-six (36) months of past benefits will have accrued totaling $6,204.24. If Plaintiff succeeds in this litigation, he may only recover past benefits less the remaining overpayment balance of $1,137.75 in this action for a net recovery of $5,066.49, along with reinstatement of benefits pursuant to the policy terms.

**(3) Does plaintiff seek benefits only pursuant to 29 U.S.C. § 1132(a)(1)(B), or does plaintiff seek relief pursuant to 29 U.S.C. § 1132(a)(3)?**

> Plaintiff only seeks relief pursuant to 29 U.S.C. § 1132(a)(1)(B).

**(4) Do the parties agree that the case should be decided on the administrative record alone? If not, what additional presently available evidence should be considered, and why?**

The Parties agree that this matter should be tried on the Administrative Record and propose the Court enter a briefing schedule for cross motions for summary judgment.

**(5) If any party believes that discovery is needed, describe the nature of the discovery and the amount of time needed to complete discovery.**

Plaintiff's Contention:

Plaintiff believes he is entitled to conflict discovery to see the extent of the conflict of interest. This discovery can be done with interrogatories and can be completed by January 26, 2026.

Defendant's Contention:

None at this time.

**(6) What is the proper standard-of-review?**

The arbitrary and capricious standard will apply as the relevant plan document contains sufficient language to invoke that standard of review, as set for below:

> Lincoln shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder. Lincoln's decisions regarding construction of the terms of this policy and benefit eligibility shall be conclusive and binding. (*See* Joint Stipulated Record, Exhibit 1 at Lincoln/Lynn 0045)

**(7) Does the plaintiff contend that a decision-maker whose decision is contested operated under a structural conflict-of-interest? If so, please provide the authority on which the argument rests.**

Plaintiff asserts there was a structural conflict, and Defendant does not dispute that assertion.

**(8) Does the defendant assert a defense of plaintiff's alleged failure to exhaust administrative remedies? If so, please provide the authority on which the defense rests.**

> It is Defendant's position that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). However, Defendant specifically denies, that administrative remedies were necessarily exhausted by Plaintiff with regard to any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of his claim or during the administrative review process. *Mason v. Continental Group, Inc.*, 763 F.2d 1219, 1227 (11th Cir. 1985); *Harris v. Trustmark Nat. Bank*, 287 F. App'x 283, 288 (5th Cir. 2008)

**(9) Does any party believe that the liability question cannot be finally disposed of upon cross-motions by the parties on a written record? If not, please explain.**

> The Parties agree that the liability question can be finally disposed of upon cross-motions by the parties on a written record. As such, it is anticipated by the Parties that, if this case is not settled through informal discussions or mediation, the claim will be resolved with Cross Motions for Summary Judgment.

**(10) When should the case be ready for a final disposition, whether upon cross motions or upon bench trial?**

> If this case is not settled through informal discussions or mediation, the Parties will be ready to submit cross-motions for summary judgment by March 2026.

**(11) Does either party want to mediate?**

The parties will engage in good-faith settlement efforts to resolve this matter but do not seek mediation at this time.

Respectfully Submitted,

*/s/ Amanda Stansberry*

Amanda Stansberry (ASB-7793-M64S)
**COX, STANSBERRY & KINSLEY, LLC**
3535 Grandview Parkway, Ste 310
Birmingham, Alabama 35243
Telephone: (205) 383-7996
Facsimile: (833) 583-4357
Email: astansberry@cskattorneys.com

ATTORNEYS FOR PLAINTIFF

AND

*/s/Iwana Rademaekers*

**IWANA RADEMAEKERS**
(*Admitted Pro Hac Vice*)
Texas Bar No. 16452560
Attorney for Defendant
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

- And -

Matthew W. Robinett
ASB-3523-I72M
Attorney for Defendant

NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643
Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com

ATTORNEYS FOR DEFENDANT